OPINION
This matter is before this court upon the appeal of Dierdra McLemore ("appellant"), from the April 26, 2001 judgment of the Franklin County Court of Common Pleas. The trial court sentenced appellant to serve the maximum period of five years of incarceration after appellant pled guilty to one count of endangering children, a felony of the third degree, in violation of R.C. 2919.22. Appellant sets forth the following two assignments of error:
 [1.] THE TRIAL COURT ERRED WHEN IT FAILED TO MAKE ANY OF THE REQUIRED STATUTORY FINDINGS PURSUANT TO R.C. 2929.14(B) YET SENTENCED THE DEFENDANT, A FIRST-TIME OFFENDER, TO A MAXIMUM TERM OF INCARCERATION.
 [2.] THE TRIAL COURT ERRED WHEN IT IMPOSED A MAXIMUM SENTENCE WITHOUT MAKING THE NECESSARY FINDINGS CONTRA R.C. 2929.14(C).
The basic facts involving appellant's conviction are not in dispute and can be summarized as follows: Appellant is the mother of Ambriel Williams. In 1995, appellant had a live-in boyfriend named Rodney McLemore ("McLemore"). (Tr. 8.) McLemore was charged with having sexually abused Ambriel, who was only eight years of age at the time. (Tr. 7-8.) Following a trial on six counts of rape and six counts of gross sexual imposition, McLemore was acquitted on some counts, and the jury was unable to reach a verdict on other counts. (Tr. 8.) Appellant had not believed Ambriel's statements concerning the alleged sexual abuse and had actually testified in McLemore's defense at the trial. (Tr. 8.) McLemore eventually pled guilty to one charge of gross sexual imposition involving eight-year-old Ambriel and was sent to prison. (Tr. 8.) Appellant does not deny that she continued to write, visit and telephone McLemore while he was in prison. There is some evidence that appellant made Ambriel talk with McLemore on the phone when she called him. (Tr. 8.)
In May of 1998, when McLemore was released from prison, appellant allowed him to move back into her house. Several months later, appellant married McLemore. (Tr. 9.) Appellant worked two jobs; however, McLemore was only occasionally employed. As a result, Ambriel was often left home in the care of McLemore. (Tr. 9.)
The record indicates that McLemore continued to do inappropriate things to Ambriel while caring for her. These things included teaching her to masturbate and coming into the bathroom when she was in there. (Tr. 11.) Ambriel would call appellant at work to complain about McLemore's actions, including making Ambriel wear short spandex outfits and making her do exercises with her legs splayed open. (Tr. 9.) According to the record, appellant never did anything about McLemore's actions. (Tr. 9, 11.)
In October 1999, shortly after Ambriel turned twelve years old, McLemore performed cunnilingus on her. (Tr. 10.) Approximately one week later, Ambriel told appellant what McLemore was doing to her. Appellant confronted McLemore, and he admitted what he had done; however, appellant did nothing to stop it. (Tr. 10.) Instead, appellant told Ambriel that McLemore was going to give them his paycheck, that the activities would not happen again, and that Ambriel would be eighteen years old soon and could leave home then. (Tr. 10.)Appellant continued to leave Ambriel in McLemore's care.
Eventually, Ambriel told her aunt, Kenyatta Williams, who called the police. McLemore was arrested and charged with rape. (Tr. 10.) When the police spoke with appellant, she claimed that she did not know that McLemore had gone to prison for a sex offense. (Tr. 10.)
On January 30, 2001, appellant pled guilty to one count of endangering children, in violation of R.C. 2919.22, a felony of the third degree. After accepting appellant's guilty plea, the trial court ordered a presentence investigation. At the time of appellant's plea, the prosecutor informed the court that McLemore had pled guilty to one count of rape and had been sentenced to the maximum ten-year sentence, and that McLemore had been found to be a sexual predator.
According to the presentence investigation, Ambriel has been extremely hurt by appellant's failure to believe her and protect her and is seeing counselors three times a week. Ambriel is concerned about her mother and does not want her mother to go to prison.
The trial court held a sentencing hearing on March 27, 2001. At that time, the prosecutor indicated that Ambriel is still suffering from extreme guilt over the situation, mistakenly believing that it will be her fault if her mother goes to prison. (Tr. 16-18.) The trial court allowed appellant the opportunity to speak and then made the following relevant findings:
 The court finds this to be an offense that is more serious than most for this type of an offense.
 What I'm saying is that the seriousness of your conduct is more severe than that normally committed for this type of violation.
 I believe that a community control sanction would demean the seriousness of your conduct, in light of the sentencing factors. And I am making that finding. I'm finding also that this is one of the worst forms of the offense that could be committed, and based on your history that there is a great likelihood that this would continue in the future.
 This involves sexual, sexual molestation of the child who was under 13 at the time. And you permitted it to happen.
 The injury to the victim was worse because of her physical and mental condition and her age. This had happened to her before you married the man, and you moved him into your house. You continued to work two jobs. And then you let him take care of her.
 She suffered serious physical, psychological and economic harm. She's going to counseling three times a week, am I correct? That she's now 13 years old?
* * *
 This offense was facilitated by your relationship with your daughter. And I find the offense, as I said, to be one of the worst forms of the offense committed. Recidivism is likely. There is a prior ajudication [sic] and a history of criminal convictions on your part as well as this having occurred in the past with the same man in your home.
* * *
 Even though I have a sense of you being extremely upset here and extremely upset during the plea, my sense is that you're more fearful than anything else, because up to this point, had you put your daughter first, you wouldn't be here today.
 Now, you can tell the court, as you and your attorney have done, that you had abuse committed on you as a child. You admitted today that you have, what's happened to your daughter has never happened to you.
 And at some point in your life, especially when you get to be 30-years-old or older, you've got to stop blaming your parents for what's happened in your life and take responsibility for it.
 I do find that prison is consistent with the purposes and the principles of sentencing. And based upon that, I'm going to sentence you to the maximum of five years imprisonment. And I am specifically disapproving placement in the shock-incarceration program or an intensive-prison program.
 I note that you have a, what appears to be a fairly new model automobile. I'm I'm requiring that you pay restitution in the amount of $5,000. Your car can be sold for whatever money you can get from it to Ambria [sic] Williams or Kenyatta Williams for paying for the counseling for her.
 She's 13 year [sic] old now. By time that you get out, she will be 18, and it will then be an appropriate time for you to reestablish your relationship with your daughter when she's an adult and when you are an adult.
 The rights here are not your rights to be a mother. The rights are her rights to grow up as a healthy child, free from what you have put her through. [Tr. 30-33.]
Appellant's assignments of error are interrelated and will be addressed together. Appellant contends that the trial court erred when it failed to make the required statutory findings pursuant to R.C. 2929.14(B) and (C) when sentencing appellant to a maximum term of incarceration. For the reasons that follow, this court disagrees.
As stated previously, appellant pled guilty to and was convicted of one count of child endangering, in violation of R.C. 2919.22, a felony of the third degree. Pursuant to R.C. 2929.14(A)(3), the definite prison term imposed by the court for a felony of the third degree shall be one, two, three, four or five years.
R.C. 2929.11 sets out the overriding purposes of felony sentencing and provides in pertinent part, as follows:
 (A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
 (B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.
On appeal, appellant maintains that the trial court did not make the necessary findings pursuant to R.C. 2929.14(B) and (C) when sentencing appellant to the maximum term of imprisonment. Those provisions provide, in pertinent part, as follows:
 (B) Except as provided in division (C) of this section * * * if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
 (C) Except as provided in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, [and] upon offenders who pose the greatest likelihood of committing future crimes. * * * [.]
The Ohio Supreme Court has interpreted R.C. 2929.14(B) to mean "that unless a court imposes the shortest term authorized on a felony offender who has never served a prison term, the record of the sentencing hearing must reflect that the court found that either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence." State v. Edmonson (1999), 86 Ohio St.3d 324, 326. The court went on to state that R.C. 2929.14(B) "does not require that the trial court give its reasons for the finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence." (Emphasis sic.) Id.
In the present case, appellant points out that the trial court indicated that imposing a term of community control sanctions would demean the seriousness of the offense. However, appellant argues that the trial court never specifically stated that imposing the one-year term of incarceration would likewise demean the seriousness of her conduct.
While it is true that the trial court found that the imposition of community control sanctions would demean the seriousness of appellant's conduct instead of stating that the imposition of a one-year term of incarceration would demean the seriousness of appellant's conduct, this court finds that the distinction is not fatal to the trial court's judgment. In the present case, the trial court made two other findings which appellant ignores. First, the trial court specifically found that, based upon appellant's history, there was a great likelihood that this type of child endangering would happen in the future. Although the trial court did not say that the absence of a term of incarceration would be inadequate to protect the public, Ambriel is the only "public" who was in any way endangered by appellant's conduct in the first place. Secondly, in the present case, the trial court specifically made the finding, pursuant to R.C. 2929.14(C), that the maximum term of incarceration was being imposed because the court found that the crime committed by appellant was one of the worst forms of the offense. In State v. Smith (Mar. 20, 2001), Franklin App. No. 00AP-829, unreported, this court found that a trial court's finding that a maximum prison term was necessary in order to protect the public from appellant was sufficient to satisfy the requirements of R.C. 2929.14(B).
Although appellant argues that the trial court did not offer an explanation as to why the maximum sentence was rendered, the record indicates that the trial court specifically found that appellant's actions constituted one of the worst forms of the offense committed. Under R.C. 2929.14(C), the court may impose the longest prison term authorized upon an offender who committed the worst forms of the offense. In the transcript, the trial court noted Ambriel's young age, acknowledged the fact that a child needs to have a parent who will protect them, identified appellant's numerous failings to protect her child, pointed out that appellant was more concerned about having to go to prison than she was with what happened to her daughter, and noted that Ambriel is currently getting counseling and will likely need counseling in the future. These are all reasons given by the trial court when it found that appellant had committed one of the worst forms of the offense. The courts have held that trial courts do not have to invoke "talismanic words of the sentencing and statute when making its findings." Id.
In the present case, this court finds that the trial court satisfied the requirements of both R.C. 2929.14(B) and (C) when finding that the maximum term should be imposed. As such, pursuant to Smith, this court finds that the trial court's compliance with R.C. 2929.14(C) is sufficient to satisfy the requirements of R.C. 2929.14(B) given the facts of the present case. Accordingly, both of appellant's assignments of error are not well-taken.
For the foregoing reasons, both assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BROWN and BOWMAN, JJ., concur.